NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 23, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-1107

| | |
|---|---|
| TONYA RIVES,<br>    *Plaintiff–Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
|     *v.* | No. 11-1145-SCW |
| WHITESIDE SCHOOL DISTRICT<br>NO. 115,<br>    *Defendant–Appellee*. | Stephen C. Williams,<br>*Magistrate Judge*. |

**O R D E R**

Tonya Rives, a former teacher with Whiteside School District No. 115 in Belleville, Illinois, challenges the grant of summary judgment against her in her suit asserting race discrimination. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Rives, who is black, taught middle school with Whiteside for four years—the requisite probationary period in Illinois required before a teacher is eligible for tenure—until her job was not renewed. During Rives's time at Whiteside, school administrators addressed her periodically about improper conduct: raising her voice to a student's parent in a meeting at which the parent complained about school problems; telling her class that she would teach at a better school if she could; failing to provide a substitute teacher with adequate lesson plans; and not timely returning parents' phone calls. In 2010 the principal and superintendent recommended to the school board that Rives be dismissed because they were concerned about her "unprofessional communication with some parents" and "inappropriate comments to students." The board agreed and notified Rives that her job would not be renewed.

Rives sued the school district for race discrimination under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, asserting that her race played a role in the school board's decision. She also claimed that her race influenced Whiteside's decision to take other adverse employment actions, such as not evaluate her teaching every year, withhold classroom supplies from her on exam days, and give her lunch breaks shorter than those of other teachers.

The district court granted summary judgment for Whiteside. The court concluded that Rives did not offer sufficient evidence under the direct method of proof that non-black co-workers were treated better than she was. The court also concluded that Rives failed under the indirect method to establish a prima facie case of discrimination because she did not show that she was meeting her employer's legitimate job expectations—she had displayed to students a confidential email from a parent and had not timely returned some parents' phone calls. And even if she were able to establish a prima facie case, the court added, Rives did not introduce evidence to show that the school board's stated reason for not renewing her contract was pretext.

On appeal Rives argues that she presented enough evidence under the direct method to create a material factual dispute about whether she was treated less favorably than the other teachers because she did not receive annual evaluations in 2008 and 2010. Rives had no direct evidence of race discrimination, so to defeat summary judgment, she had to offer sufficient circumstantial evidence that similarly situated, non-black employees were treated better than she was. *See Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012). But in a letter she wrote to the school board in 2010, Rives acknowledged that the principal evaluated her that year. And even though the parties dispute whether the 2008 evaluation occurred, Rives did not submit evidence

that non-black teachers received evaluations each year; she thus cannot show that she was treated any differently because of her race.

Rives next challenges the district court's conclusion that she did not establish a prima facie case under the indirect method, and maintains that she was meeting Whiteside's legitimate expectations. To establish a prima facie case, Rives had to show that she was performing her job satisfactorily and that she was treated worse than a similarly situated employee outside of her protected class. *See Collins v. Am. Red Cross*, 715 F.3d 994, 999–1000 (7th Cir. 2013). But as the court properly concluded, Rives showed neither that she was treated worse than non-black employees nor that she met Whiteside's legitimate expectations. Whiteside presented uncontested evidence that Rives had acted unprofessionally by raising her voice to a parent, publicly displaying a confidential email from a parent on the overhead projector, making inappropriate comments to her class, and not timely returning phone calls from parents.

In her reply brief Rives challenges for the first time the dismissal of her claims of sexual harassment and retaliation, but she waived these arguments by not mentioning them in her opening brief. *See Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913–14 (7th Cir. 2011).

AFFIRMED.